# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE: 1:11cv018-RJC

| | |
|---|---|
| VINSON S. HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DUANE TERRELL, MARCELLA ) | |
| FAIRCLOTH, HUBERT COPENING, ) | |
| WESLEY CORN, DEP'T OF CORR. , ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

Plaintiff contends that on August 24, 2010, Defendant Corn presented him a letter from Defendant Terrell notifying Plaintiff that his outgoing mail was going to be examined by prison staff before being mailed. Defendant Corn instructed him to sign the notice and informed him that if he sealed any outgoing mail, he would be "written up." Plaintiff subsequently was taken to the office of Defendant Copening, who, with Defendant Faircloth, instructed him to leave all of his outgoing mail, including legal mail, unsealed before sending it to the mail room. Plaintiff also was informed that Defendant Faircloth personally would examine all of his mail and that if he "did not watch his language" in his outgoing mail, she would "write [him] up." Plaintiff contends that censorship of his outgoing mail is illegal and that it interferes with his access to the court because it includes his legal mail. Plaintiff seeks injunctive and declaratory relief, as well as monetary damages against all of the named defendants. (Doc. No. 1 at 4).

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof. The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's claims against the North Carolina Department of Correction (hereinafter "DOC") and Defendant Corn shall be dismissed. The Clerk shall issue summons as to all other Defendants.

The claim against the DOC is dismissed because the DOC is not a "person" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). The Eleventh Amendment prohibits actions in federal court by individuals against a state unless the state has consented to suit or unless Congress has lawfully abrogated the states' Eleventh Amendment immunity. Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). This rule applies "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." Will, 491 U.S. at 70. For Eleventh Amendment purposes, the DOC is considered an arm of the State of North Carolina. See e.g. Garner v. State of N.C., No. 88-6821, 1989 WL 21482, at *1 n. (4th Cir. March 1, 1989) (noting that the DOC was entitled to eleventh amendment immunity from § 1983 damages claims); see also Savage v. North Carolina Dep't. of Corr., No. 5:06-CV-171-FL, 2007 WL 2904182, at *15 (E.D. N.C. Sept. 29, 2007) (holding that

the DOC is an agency of the State of North Carolina and, therefore, immune from suits for money damages under § 1983) (citations omitted); Pharr v. Garibaldi, 115 S.E.2d 18, 22 (N.C. 1960) (holding that a suit against the "State Prison Department ... is essentially a suit against the State"). Accordingly, the North Carolina DOC cannot be sued under § 1983.

As for Defendant Corn, Plaintiff merely alleges that he informed Plaintiff of the new policy regarding his mail and warned him of the consequences of failing to comply with it. He has not alleged that Corn was involved in the decision to apply the policy or that he took any action to implement it other than to provide him notice. Plaintiff, therefore, has not identified any constitutional violation by Defendant Corn, and he shall be dismissed from the Complaint.

After careful review of the Plaintiff's Complaint, the undersigned finds that Defendants Terrell, Faircloth, and Copening should file an Answer to Plaintiff's claim that they have unconstitutionally censored his outgoing mail, including his legal mail.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Defendants Corn and the North Carolina Department of Correction are dismissed and should be removed from the caption of this case;

2. The Clerk of Court shall issue summons for Defendants Terrell, Faircloth, and Copening and deliver them forthwith to the U.S. Marshall who will make service of process without additional cost; and

3. Defendants Terrell, Faircloth, and Copening shall file an Answer to Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Signed: March 25, 2011

Robert J. Conrad, Jr.
Chief United States District Judge